RAMOS HERMANOS, SUCESORES, demandantes y apelados, *v.* PRUDENCIO MUÑOZ Y JACINTO MUÑOZ, demandados y apelantes.

No. 4319.—*Sometido*: Marzo 23, 1928. *Resuelto*: Febrero 27, 1929.

*Antonio L. López,* abogado de los apelantes; *Juan Valdejuli* y *Pellón & Ayuso,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción fundada en dos pagarés, los demandados apelan de una sentencia adversa y alegan que la corte inferior cometió error al estimar que la demanda aducía hechos determinantes de una causa de acción, al estimar que la demandante tenía capacidad legal para reclamar el importe de uno de los pagarés, al estimar probado que la demandante es dueña de dicho pagaré, y al condenar a los demandados al pago de intereses sobre intereses.

La teoría de los apelantes y los hechos envueltos, en lo que no se desprende de lo que aparece a continuación, no exigen una relación independiente.

El artículo 461 del Código de Comercio dispone que: "La propiedad de las letras de cambio se transferirá por endoso." El 462 especifica lo que el endoso debe contener. El 533 provee que: "Los endosos de las libranzas y pagarés a la

orden deberán extenderse con la misma expresión que los de las letras de cambio.''

Ninguno de estos artículos prohibe la cesión formal de un pagaré, como parte del activo de una sociedad mercantil, al disolverse ésta y organizarse su sucesor, en un documento público acompañada de la entrega material del mismo, sin endoso. Cuando tal sucesor, cesionario y tenedor del pagaré así cedido lo presenta e identifica debidamente durante el juicio, la propiedad del mismo ha sido establecida.

No hàllamos ninguna indicación muy satisfactoria de que el juez sentenciador intentó incluir intereses sobre intereses, pero la fraseología de la sentencia será modificada a fin de evitar la posibilidad de que haya un mal entendido, y *así modificada se confirma*.

El Juez Asociado Sr. Texidor no intervino.